UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LILLIE DRAKE,

    Plaintiff,

v.

LANTZ BANFORD BROWN and JOAO D. COSTA,

    Defendants.

Case No.:
Judge
Magistrate

| Daniel V. Padilla (P48634) | Jami E. Leach (P53524) |
|---|---|
| Samantha E. Schanta (P73952) | GARAN LUCOW MILLER, P.C. |
| PADILLA LAW GROUP | Attorney for Defendant Brown |
| Attorneys for Plaintiff | 1155 Brewery Park Blvd., #200 |
| 1821 W. Maple Road | Detroit, MI 48207-2641 |
| Birmingham, MI 48009 | 313.446.5538 / 313.259.0450 (fax) |
| 248.593.0300 / 248.593.0301 (fax) | jleach@garanlucow.com |
| sschanta@padillalegal.com | |

**NOTICE FOR REMOVAL OF CAUSE TO
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
<u>SOUTHERN DIVISION</u>**

**NOW COMES** Defendant, LANTZ BANFORD BROWN, by and through his attorneys, GARAN LUCOW MILLER, P.C., and hereby gives notice of removal of this action from the Circuit Court for the County of Wayne, State of Michigan (Case No. 24-010675-NI) to the United States District Court for the Eastern District of Michigan Southern Division, pursuant

to 28 U.S.C. §§ 1332 and 1441.  In support of his Notice of Removal, LANTZ BANFORD BROWN, states as follows:

1. An action has been commenced against Defendant LANTZ BANFORD BROWN in the Circuit Court for the County of Wayne, State of Michigan, entitled LILLIE DRAKE v. LANTZ BANFORD BROWN and JOAO D. COSTA, Case No. 24-010675-NI.  A copy of the Complaint and all pleadings filed are attached hereto as **Exhibit A**.

2. LANTZ BANFORD BROWN was served with a copy of the Complaint on October 1, 2024.  This Notice of Removal is due within thirty (30) days following receipt thereof, and is therefore timely under 28 U.S.C. § 1446(b)(1).

3. In her Complaint, Plaintiff alleges that she was involved in a motor vehicle accident in the City of Detroit, in the County of Wayne and State of Michigan.  Plaintiff seeks damages for economic and non-economic losses in an unspecified amount in excess of $25,000, the jurisdictional minimum for a civil action filed in a Michigan circuit court.  (**Exhibit A**, ¶5)

## **GROUNDS FOR REMOVAL**

4. This Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441(a), which provides, in pertinent part, that:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.

5. The United States District Court for the Eastern District of Michigan, Southern Division, has original jurisdiction because this is an action (a) wherein the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs; and (b) between citizens of different states.

6. Plaintiff alleges in her Complaint that she is a resident of the City of Detroit on the County of Wayne and resides in Michigan. (**Exhibit A**, ¶1) Thus, Plaintiff is a citizen of Michigan.

7. Plaintiff alleges in her Complaint, and Defendant states, that LANTZ BANFORD BROWN is a resident of the City of Angola, in the County of Steuben, State of Indiana. (**Exhibit A**, ¶2) Thus, Defendant Brown is a citizen of Indiana.

8. Upon information and belief, Defendant JOAO D. COSTA who has not been served and has not appeared, is a citizen in the State of New Jersey. . (**Exhibit A**, ¶3) Therefore, there is complete diversity of citizenship between the parties.

9. Further, the amount in controversy exceeds $75,000 as discerned from the allegations in Plaintiff's Complaint that she is claiming

3

actual and consequential damages together with costs, interest and attorney fees in an amount in excess of $25,000. A notice of removal may assert the amount in controversy if the initial pleading seeks "a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded" and the district court finds that the amount in controversy is more likely than not above $75,000. *See* 28 U.S.C. § 1446(c)(A)-(B); *see also Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *abrogated on other grounds, Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).

10. Plaintiff has alleged that she sustained a serious impairment of her body function and/or serious, permanent disfigurement including injuries to her neck, back, ribs, chest, head, tooth, radiating numbness, nerve damage, dizziness, and headaches. Plaintiff further alleges emotional damages, extensive treatment, and that she has incurred expended large sums of money for her treatment. Plaintiff further alleges loss of wages and earning capacity. Plaintiff alleges these damages are continuing and potentially indefinite. (**Exhibit A**, ¶21) Plaintiff's allegations of injuries and damages reflect a substantial likelihood that this controversy involves claims exceeding $75,000.

## **PROCEDURAL REQUIREMENTS FOR REMOVAL**

11. LANTZ BANFORD BROWN has satisfied or will satisfy all of the procedural requirements for removal under 28 U.S.C. § 1446.

   a. In accordance with 28 U.S.C. § 1446(a), this is the appropriate court for removal because the state court in which this action was commenced, the Wayne County Circuit Court, is within this Court's district and division. Copies of all process, pleadings, and orders served upon LANTZ BANFORD BROWN in this action, including the Complaint, are attached as **Exhibit A**. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

   b. In accordance with 28 U.S.C. § 1446(b)(3), this Notice of Removal is being timely filed within 30 days of the receipt of the Summons and Complaint.

   c. In accordance with 28 U.S.C. § 1446(d), LANTZ BANFORD BROWN is promptly notifying Plaintiff in writing that this case has been removed to this Honorable Court pursuant to this Notice of Removal. LANTZ BANFORD BROWN has, contemporaneously with the filing of this Notice of Removal, filed a copy of the same with the court clerk of the Wayne County Circuit Court.

12. The prerequisites for removal have been met. If any questions arise as to the propriety of the removal of this action, LANTZ BANFORD BROWN, respectfully requests the opportunity to present briefing, argument, and further evidence necessary to support his position that this case is removable.

13. In removing this action, LANTZ BANFORD BROWN specifically reserves all of his defenses including, without limitation, all defenses specified in Rule 12(b) of the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendant LANTZ BANFORD BROWN hereby petitions to remove this case from the Circuit Court for the County of Wayne, State of Michigan to the United States District Court for the Eastern District of Michigan, Southern Division, and requests that all future proceedings be held in this Court.

Respectfully submitted:

GARAN LUCOW MILLER, P.C.

Dated: October 22, 2024

/s/ Jami E. Leach
Jami E. Leach (P53524)
Attorney for Defendant Brown
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207
313.446.5538 / 313.259.0450 (fax)
jleach@garanlucow.com

# EXHIBIT A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

| | |
|---|---|
| **LILLIE DRAKE,** | Case No. 24-       -NI |
| Plaintiff, | Hon. |
| vs | |
| **LANTZ BANFORD BROWN AND JOAO D. COSTA,** | |
| Defendants. | |

DANIEL V. PADILLA P48634
SAMANTHA E. SCHANTA P73952
PADILLA LAW GROUP
Attorneys for Plaintiff
1821 W. Maple Road
Birmingham, MI 48009
(248) 593-0300/F (248) 593-0301
sschanta@padillalegal.com

## COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in the complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in the complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court

/s/Samantha E. Schanta
**SAMANTHA E. SCHANTA P73952**

**NOW COMES** the Plaintiff, **LILLIE DRAKE**, by and through her attorneys, **PADILLA LAW GROUP**, and in support of her Complaint against the Defendants, shows unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1. That Plaintiff, **LILLIE DRAKE,** is a resident of the City of Detroit, County of Wayne, State of Michigan.

2. That based upon information and belief, Defendant, **LANTZ BANFORD BROWN,** is a resident of the City of Angola, Steuben County, Indiana.

3. That based upon information and belief, Defendant, **JOAO D. COSTA,** is a resident of the City of Kearny, Hudson County, New Jersey.

4. That this case involves a motor vehicle accident which occurred on July 28, 2023, in the City of Detroit, Wayne County, Michigan.

5. That the amount in controversy herein exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars, exclusive of interest, costs, and attorney fees.

## ALLEGATIONS COMMON TO ALL COUNTS

6. Plaintiff hereby incorporates by reference and re-alleges paragraphs 1 through 5 of this Complaint with the same force and effect as if same were set forth in full.

7. On July 28, 2023, at approximately 8:00 a.m. Plaintiff, **LILLIE DRAKE**, was the operator of a 2020 Nissan Altima, with a Michigan plate number ESE7092 and was in the turning lane near the intersections of Grand River Road and Kentford Street, in the City of Detroit, Wayne County, Michigan.

8. On July 28, 2023, at approximately 8:00 a.m., Defendant, **LANTZ BANFORD BROWN** was the driver, and Defendant, **JOAO D. COSTA** was the owner of a 2014 Ford Explorer bearing license plate number 678BSY and was traveling on eastbound on westbound Grand River near the intersection of Kentford Street, in the City of Detroit, Wayne County, Michigan.

## COUNT I - NEGLIGENCE OF DEFENDANT- LANTZ BANFORD BROWN

9. Plaintiff hereby incorporates by reference and re-alleges paragraphs 1 through 8 of this Complaint with the same force and effect as if same were set forth in full.

10. Defendant, **LANTZ BANFORD BROWN,** was operating the aforesaid vehicle in obvious derogation of his duties and responsibilities as a motor vehicle operator and in disregard of the Michigan Vehicle Code prescribing careless and reckless driving. Defendant, **LANTZ BANFORD BROWN** struck Plaintiff's vehicle with great force causing extensive damage, and the serious injuries to Plaintiff as set forth in detail below; further Defendant's vehicle struck Plaintiff's vehicle with great speed and without notice or warning and Plaintiff was unable to avoid this collision, though she made every effort to do so.

11. Defendant, **LANTZ BANFORD BROWN,** owed a duty to Plaintiff and all others using the highway to obey the traffic ordinances of the City of Detroit and the Motor Vehicle Code of the State of Michigan, being 1949 P.A. 300 as amended MCLA 257.1 et.seq.; MSA 9.1801 et. seq., to use due care and caution in the operation and control of a motor vehicle as a reasonably prudent person would under the common law of the State of Michigan and to drive with that care and circumspection required to reasonably protect the safety, health, lives and property of all others entitled to use the highways:

12. Defendant, **LANTZ BANFORD BROWN,** was negligent in that he:

   a. disregarded traffic signals, posted signs, and did otherwise fail to observe and obey applicable traffic control devices in the immediate area of the collision, all in violation of MCLA 257.611, MCLA 257.612(c);

   b. failed to drive his vehicle at a careful and prudent speed not greater nor less than was reasonable and proper with due regard to the traffic, surface and width of the roadway and other relevant conditions then and there existing in a manner in which would enable him to stop in the assured safe and clear distance ahead, all in violation of MCLA 257.627;

    c.    failed to drive his automobile in a careful and prudent manner in violation of MCLA 257.626(b);

    d.    failed to maintain a proper lookout, keep proper observation, to maintain control of his vehicle and otherwise failed to comply with his common law duty to use reasonable and ordinary care under the circumstances then and there existing in the operation of a motor vehicle;

    e.    drove his vehicle upon a public highway recklessly, heedlessly in willful and wanton disregard of the rights and safety of persons and property, without caution or circumspection and at a rate of speed and in a manner so as to endanger other persons lawfully upon the highway all in violation of MCLA 257.626(c));

    f.    failed to drive the vehicle such that he was able to keep an assured, clear and safe distance ahead and behind him; and

    g.    failed to keep the vehicle he was operating under control at all times.

13.    Each of the above acts of negligence was a proximate cause of Plaintiff's injuries.

**WHEREFORE**, Plaintiff, **LILLIE DRAKE**, prays for a Judgment against Defendant, **LANTZ BANFORD BROWN**, of actual and consequential damages in whatever amounts in excess of Twenty-Five Thousand Dollars ($25,000.00) she is deemed to be entitled by this Honorable Court and/or jury, together with costs, interest and attorney fees.

## COUNT II - NEGLIGENCE OF DEFENDANT

## JOAO D. COSTA

14.    Plaintiff hereby incorporates by reference and re-alleges paragraphs 1 through 13 of this Complaint with the same force and effect as if same were set forth in full.

15.    Defendant, **JOAO D. COSTA**, was on July 28, 2023, the owner of a 2014 Ford Explorer with plate number 678BSY, and entrusted to Defendant, **LANTZ BANFORD BROWN**, for purpose of personal use.

16. Defendant, **JOAO D. COSTA** as owner, negligently entrusted the above motor vehicle and its operation to Defendant, **LANTZ BANFORD BROWN**, the latter being a person incompetent, and unfit to drive a motor vehicle on the highway in the State of Michigan, by reason of his inability, inexperience, and consistently negligent, driving, all of which were known in the exercise of reasonable care and caution by the Defendant owner; and the Defendant owner is guilty of negligence independently to this Plaintiff for the negligent entrustment of this vehicle to the Defendant driver.

17. Defendant, **JOAO D. COSTA**, breached his duty to entrust his vehicle to persons competent and fit to drive a motor vehicle, to persons with such experience and consistent driving habits such that the exercise of reasonable care and caution would ordinarily be followed.

18. As a proximate result of the negligent entrustment and breach of these duties by Defendant, **JOAO D. COSTA**, Plaintiff has suffered damages as set forth below.

19. Defendant, **JOAO D. COSTA**, as owner of the motor vehicle remains liable for any injury occasioned by the negligent operation of such motor vehicle whether the manner of operating the vehicle was a violation or a failure to observe ordinary care in the operation of a motor vehicle pursuant to MCLA 257.401.

20. Defendant, **LANTZ BANFORD BROWN**, was at all times operating and using the motor vehicle with the express and/or implied consent of Defendant, **JOAO D. COSTA.**

**WHEREFORE**, Plaintiff, **LILLIE DRAKE** prays for Judgment against Defendant, **JOAO D. COSTA** of actual and consequential damages in whatever amounts in excess of Twenty-Five Thousand ($25,000.00) Dollars she is deemed to be entitled by this Honorable Court and/or jury, together with costs, interest and attorney fees.

## DAMAGES OF PLAINTIFF

21. As a proximate result of the aforementioned collision, proximately caused by the negligence of the Defendants, **LANTZ BANFORD BROWN AND JOAO D. COSTA,** the Plaintiff, **LILLIE DRAKE**, has suffered serious impairment of her body functions and/or serious, permanent disfigurement, to wit: injuries to the neck, back, ribs, chest, head, and fractured tooth with radiating numbness to her extremities, including, but not limited to injury to the bones, muscles, nerves, ligaments and other soft tissues of the spine including dizziness and headaches. Plaintiff has suffered a severe shock to the nervous system, has suffered and will continue to suffer great physical pain, mental anguish, humiliation, embarrassment, anxiety and depression, pain and suffering all past, present and lasting indefinitely into the future. Plaintiff was disabled from her regular activities and is undergoing extensive physical therapy and rehabilitation in an effort to be cured of her accident-related injuries. Plaintiff has and will continue to suffer a loss of normal activities and pleasures of life endeavoring to be cured of her injuries and disabilities. Plaintiff has expended and will continue to expend into the indefinite future, large sums of money for medical, rehabilitation and physical therapy. Plaintiff has suffered and will suffer indefinitely into the future loss of wages and loss of earning capacity in excess of the amounts recoverable under the Michigan No-fault Laws.

**WHEREFORE**, Plaintiff **LILLIE DRAKE,** prays for judgment against the Defendants, **LANTZ BANFORD BROWN AND JOAO D. COSTA** in an amount in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS to which the Plaintiff is found to be entitled plus costs, interest, and attorney fees.

                                                      Respectfully Submitted,
PADILLA LAW GROUP

/s/Samantha E. Schanta
SAMANTHA E. SCHANTA P73952
Attorney for Plaintiff
1821 W. Maple Road
Birmingham, MI 48009
(248) 593-0300

Dated:  July 25, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LILLIE DRAKE,

    Plaintiff,

v.

LANTZ BANFORD BROWN and JOAO D. COSTA,

    Defendants.

Case No.:
Judge
Magistrate

| Daniel V. Padilla (P48634)<br>Samantha E. Schanta (P73952)<br>PADILLA LAW GROUP<br>Attorneys for Plaintiff<br>1821 W. Maple Road<br>Birmingham, MI 48009<br>248.593.0300 / 248.593.0301 (fax)<br>sschanta@padillalegal.com | Jami E. Leach (P53524)<br>GARAN LUCOW MILLER, P.C.<br>Attorney for Defendant Brown<br>1155 Brewery Park Blvd., #200<br>Detroit, MI 48207-2641<br>313.446.5538 / 313.259.0450 (fax)<br>jleach@garanlucow.com |
|---|---|

## **AFFIDAVIT**

STATE OF MICHIGAN ) 
                      ) ss.
COUNTY OF WAYNE )

    JAMI E. LEACH, being first duly sworn, deposes and says that she is associated with the law firm of GARAN LUCOW MILLER, P.C. and that she has been charged with the defense and representation of LANTZ BANFORD BROWN, Defendant, herein; that in such capacity she has prepared the foregoing Notice for Removal of Cause to the United States District Court,

Eastern District of Michigan, Southern Division, that the matters set forth in said Notice are true except as to those matters stated herein to be upon her information and belief as to which matters she is informed and believes same to be true.

    Further deponent sayeth not.

                                        /s/Jami E. Leach
                                        JAMI E. LEACH (P53524)

Subscribed and sworn to before me
on the 22nd day of October, 2024.

/s/Dena Marie Shealy
Dena Marie Shealy, Notary Public
County of Macomb, State of Michigan
My Commission Expires: 02/28/2026

Acting in the County of Wayne

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LILLIE DRAKE,

    Plaintiff,

v.

LANTZ BANFORD BROWN and JOAO D. COSTA,

    Defendants.

Case No.:
Judge
Magistrate

| Daniel V. Padilla (P48634)<br>Samantha E. Schanta (P73952)<br>PADILLA LAW GROUP<br>Attorneys for Plaintiff<br>1821 W. Maple Road<br>Birmingham, MI  48009<br>248.593.0300 / 248.593.0301 (fax)<br>sschanta@padillalegal.com | Jami E. Leach (P53524)<br>GARAN LUCOW MILLER, P.C.<br>Attorney for Defendant Brown<br>1155 Brewery Park Blvd., #200<br>Detroit, MI  48207-2641<br>313.446.5538 / 313.259.0450 (fax)<br>jleach@garanlucow.com |
|---|---|

## **PROOF OF SERVICE**

STATE OF MICHIGAN)
                       ) ss.
COUNTY OF WAYNE )

    LISA M. KOCH, being first duly sworn, deposes and says that she is employed with the law firm of GARAN LUCOW MILLER, P.C., and that on the 22nd day of Octoberber 2024, she caused to be served a true copy of **NOTICE FOR REMOVAL, AFFIDAVIT and PROOF OF SERVICE** upon the following:

**Samantha E. Schanta, Esq.**
sschanta@padillalegal.com

Clerk Assignment
WAYNE COUNTY CIRCUIT COURT
2 Woodward Avenue
Detroit, MI  48226

by electronic filing the foregoing paper with the Clerk of the Wayne County Circuit Court using the E-File & Serve system.

/s/Lisa M. Koch

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

LILLIE DRAKE,

    Plaintiff,

v.

LANTZ BANFORD BROWN and
JOAO D. COSTA,

    Defendants.

Case No.: 24-010675-NI
Hon. Kevin J. Cox

| Daniel V. Padilla (P48634) | Jami E. Leach (P53524) |
|---|---|
| Samantha E. Schanta (P73952) | GARAN LUCOW MILLER, P.C. |
| PADILLA LAW GROUP | Attorney for Defendant Brown |
| Attorneys for Plaintiff | 1155 Brewery Park Blvd., Suite 200 |
| 1821 W. Maple Road | Detroit, MI 48207-2641 |
| Birmingham, MI 48009 | 313.446.5538 / 313.259.0450 (fax) |
| 248.593.0300 / 248.593.0301 (fax) | jleach@garanlucow.com |
| sschanta@padillalegal.com | lkoch@garanlucow.com – 313.446.5569 |

## NOTICE OF FILING OF REMOVAL

**PLEASE TAKE NOTICE** that a Notice of Removal of the entitled action from the Wayne County Circuit Court, State of Michigan, to the United States District Court for the Eastern District of Michigan, a copy of which is attached hereto, was duly filed October 22, 2024, in the United States District Court for the Eastern District of Michigan.

    Respectfully submitted:

    GARAN LUCOW MILLER, P.C.

    /s/ Jami E. Leach
    Jami E. Leach (P53524)
    Attorney for Defendant Brown
    1155 Brewery Park Blvd., Suite 200
Dated: October 22, 2024    Detroit, MI 48207
    313.446.5538 / 313.259.0450 (fax)
    jleach@garanlucow.com

2

**PROOF OF SERVICE**

I hereby certify that on October 22, 2024, my assistant, Lisa Koch, electronically filed the foregoing instrument with the Clerk of the Court using the Court's e-filing system which will send notification to all counsel of record.

/s/ Jami E. Leach
Jami E. Leach (P53524)
Attorney for Defendant Brown